# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

ST. PAUL FIRE & MARINE INSURANCE
COMPANY,
    Plaintiff,

v.                                            Case No. 06C0703

LAND TITLE SERVICES, INC., GARY J.
TAGATZ and VICKIE A. TAGATZ,
    Defendants.

## DECISION AND ORDER

Pursuant to the Declaratory Judgments Act ("DJA"), 28 U.S.C. §§ 2201, et. seq., plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul") asks me to declare that it has no duty to defend defendant Land Title Services, Inc. ("Land Title") against a putative breach of contract class action brought by Gary and Vickie Tagatz in state court. Before me now are St. Paul's and Land Title's cross motions for summary judgment.

## I. BACKGROUND

The state court complaint alleges that when the Tagatzes refinanced their home, Land Title served as the escrow and settlement agent and, in such capacity, collected funds from the new lender to satisfy the Tagatzes' previous mortgage.[1] The complaint further alleges that Land Title collected $13 to pay for having the satisfaction of lien recorded but did not actually have the satisfaction recorded and thus breached its contract with the Tagatzes. Finally, the complaint seeks restitution and alleges that the Tagatzes and other members of the putative class were damaged by Land Title's failure.

---

[1] Land Title states that an affiliate, Land Closing Services, Inc. ("Land Closing"), actually served as the escrow and settlement agent.

Land Title notified its insurer, St. Paul, of the suit and asked it to defend and indemnify it, whereupon St. Paul filed the present action. In the meantime, the state court stayed the proceedings pending before it.

## II. JURISDICTION

St. Paul alleges that I have diversity jurisdiction under 28 U.S.C. § 1332. Although St. Paul does not allege that the amount in controversy exceeds the jurisdictional minimum, defendants do not contest jurisdiction. Thus, I have jurisdiction unless it is legally certain that the expenses that St. Paul would incur in defending the Tagatz suit and possibly indemnifying Land Title will be less than the jurisdictional minimum. See Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). I cannot say that it is legally certain that St. Paul's costs would be beneath the jurisdictional minimum. Thus, I have jurisdiction.

## III. ABSTENTION

Although defendants do not ask me to decline to exercise jurisdiction, in a declaratory judgment action I may do so. Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995) (stating that "since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants"). Section 2201 states that courts "may" declare the rights of interested parties and thus provides courts with "an opportunity, rather than a duty" to grant such relief. Wilton, 515 U.S. at 288. Accordingly, although federal courts ordinarily have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress, Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817

2

Case 2:06-cv-00703-LA   Filed 04/18/07   Page 2 of 9   Document 42

(1976), in the declaratory judgment context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.

In Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 495 (1942), a duty to defend declaratory judgment action, the Supreme Court stated that it is ordinarily

> uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

The Court directed district courts considering such cases to ask whether the "questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Id. In Wilton, the Court reaffirmed that a district court could dismiss or stay a declaratory judgment action which was related to a pending state court proceeding, and stated that in determining whether to do so, the court should consider the scope of the pending state court proceeding and whether the claims asserted in the federal action could be resolved therein. 515 U.S. at 283.

The mere fact that a related state court suit is pending is not in itself justification for a district court's refusal to exercise jurisdiction over a declaratory judgment action. Nationwide Ins. v. Zavalis, 52 F.3d 689, 692 (7th Cir. 1995). Rather, in considering whether an issue can be better settled in the state court proceeding, a district court should consider whether the declaratory judgment action presents a question distinct from the issues in the state proceeding, whether the parties in the two actions are identical, whether the declaratory judgment action will serve a useful purpose or merely amount to duplicative

3

or piecemeal litigation, and whether the plaintiff seeking declaratory relief may obtain comparable relief in the state proceeding. Id.[2]

In a post-Wilton decision, the Seventh Circuit added that in determining whether to exercise jurisdiction, a district court should consider whether the issues of state law presented by the case are unsettled. Sta-Rite Indus., Inc. v. Allstate Ins. Co., 96 F.3d 281, 287 (7th Cir. 1996); see also A.G. Edwards & Sons, Inc. v. Pub. Bldg. Comm'n of St. Clair Co., Ill., 921 F.2d 118, 121 (7th Cir. 1990) (stating that a district court may defer to a state court's "greater familiarity with its own law"). Other courts have found that in the interest of comity, district courts should be wary of deciding close or unsettled issues of state law in Brillhart-type actions. See, e.g., State Auto Ins. Co. v. Summy, 234 F.3d 131, 135 (3d Cir. 2000); Mitcheson v. Harris, 955 F.2d 235, 237 (4th Cir. 1992); Wright v. Westport Ins. Corp., No. 01C50367, 2003 U.S. Dist. LEXIS 18067, at *5-6 (N.D. Ill. Oct. 10, 2003).

However, courts must be careful not to lightly decline to exercise jurisdiction. See Steven Plitt & Joshua D. Rogers, Judicial Abstinence: Ninth Circuit Jurisdictional Celibacy for Claims Brought Under the Federal Declaratory Judgment Act, 27 Seattle Univ. L. Rev. 751, 756 (2004) (expressing concern that under Brillhart and Wilton, courts will decline to hear cases to reduce docket pressures); Grace M. Giesel, The Expanded Discretion of Lower Courts to Regulate Access to the Federal Courts After Wilton v. Seven Falls Co. –

---

[2]Zavalis is a pre-Wilton decision. It did not anticipate the abuse of discretion standard of review adopted in Wilton. 515 U.S. at 289. In addition, it appeared to favor the exercise of jurisdiction by district courts, whereas Wilton appears to reject a presumption for or against the exercise of jurisdiction. See id. (referring to the "unique breadth" of a district court's discretion to decline to enter a declaratory judgment).

Declaratory Judgment Actions and Implications Far Beyond, 33 Hous. L. Rev. 393, 398-99 (1996) (expressing related concerns).

In the present case, several factors weigh in favor of exercising jurisdiction. Although the case is related to the state court action, it is not precisely parallel to it, and St. Paul is not presently a party to the state court case. Further, as indicated, defendants have not asked me to decline to exercise jurisdiction. Finally, the parties have fully briefed the duty to defend issue and have an interest in its prompt resolution.

On the other hand, a number of factors weigh in favor of abstention. First, the state courts provide an adequate forum for determining whether State Paul has a duty to defend. See Fire Ins. Exch. v. Basten, 202 Wis. 2d 74, 89-90 (1996) (discussing how an insurer can obtain resolution of the duty to defend issue in state court). St. Paul can move to intervene in the state court case and to bifurcate and stay it until the court resolves the duty to defend issue, or it may bring a declaratory judgment action in state court. Id. The Wisconsin Supreme Court prefers the first approach because it allows coverage questions to be resolved within the underlying case. Id. at 90. Another factor weighing in favor of abstention is that abstention decreases the likelihood of piecemeal litigation.[3]

---

[3] If I determine that St. Paul has a duty to defend and Land Title prevails on its claim, St. Paul may wish to determine whether it also has a duty to indemnify. It would hardly be efficient for St. Paul to return to federal court to resolve that issue. And if I resolve the duty to defend issue and a state court addresses the duty to indemnify issue, two courts, one federal and one state, would be interpreting the same policy. Further, if Land Closing rather than Land Title is the proper state court defendant, there could be additional complications.

5

Perhaps the most important reason to decline to exercise jurisdiction is that St. Paul's suit presents several relatively close and/or unsettled questions of state law.[4] The first of these is whether the allegation in the state court complaint that the plaintiffs were "damaged," (Tagatz Compl. Ex. B at 9), arguably asserts covered liability. The policy covers "damages for a covered loss" and defines damages as "compensatory damages imposed by law." (Pl.'s Proposed Findings of Fact ("PPFOF") Ex. 2 at 2-30.) The parties appear to agree that the policy covers claims for compensatory damages but not for restitution. However, St. Paul argues that the allegations in the complaint only give rise to a restitution claim and that the allegation that the plaintiffs were damaged is insufficient to arguably constitute a claim for damages; Land Title disagrees.[5]

Whether St. Paul has a duty to defend depends on whether the state court complaint puts it on notice of an arguable claim for consequential damages arising from Land Title's alleged breach of contract. The Wisconsin Court of Appeals has rendered seemingly conflicting decisions on this issue. In Hertlein v. Huchthausen, 133 Wis. 2d. 67, 72 (Ct. App. 1986), it held that the plaintiff's simple allegation that it had been damaged put the defendant on notice that its alleged breach of contract caused consequential

---

[4]If I decide these questions, my duty would be to apply Wisconsin law as I believe the Wisconsin Supreme Court would. Menasha Corp. v. Lumbermens Mut. Cas. Co., 361 F. Supp. 2d 887, 890 n.3 (E.D. Wis. 2005) (citing State Farm Mut. Auto. Ins. Co. v. Pate, 275 F.3d 666, 669 (7th Cir. 2001)).

[5]Under Wisconsin law, an insurer has a duty to defend its insured when the underlying complaint alleges facts which, if proven, would create liability covered by the policy. Doyle v. Engelke, 219 Wis. 2d 277, 284-85 (1998). An insurer has a duty to defend when any theory of liability in the complaint "arguably" asserts liability covered by the policy. Hamlin Inc. v. Hartford Accident & Indem. Co., 86 F.3d 93, 94 (7th Cir. 1996).

6

damages.[6]  However, in Midway Motor Lodge of Brookfield v. The Hartford Insurance Group, 226 Wis. 2d 23, 35-36 (Ct. App. 1999), the court found that a complaint alleging that the plaintiff was damaged as a result of the defendant's negligence did not put the defendant or the insurer on notice that the defendant's actions caused injury and thus entitled the plaintiff to damages.  Because the state court of appeals appears to have reached inconsistent conclusions concerning what a plaintiff must plead to claim damages in a case such as this one, and the Wisconsin Supreme Court has not addressed the issue, the question may fairly be characterized as close or unsettled.

In addition, if I decide whether the state court complaint alleges liability covered by the policy, my decision will not only determine whether St. Paul has a duty to defend but could conceivably bind the state court if Land Title moves to dismiss the claim for damages.  Federal/state comity may be particularly strained when a federal court decides a duty to defend issue and in doing so dictates the state court's liability determination. Mitcheson, 955 F.2d at 239.

St. Paul's suit raises other close and/or unsettled issues of state law.  One is the meaning of the policy term "real estate professional services."  (PPFOF Ex. 2 at 2-30.) Some courts have concluded that the term "professional services" refers to services unique to a specific profession and excludes common services that a professional happens to perform.  See, e.g., Med. Records Assocs. v. Am. Empire Surplus Lines Ins. Co., 142 F.3d 512, 514 (1st Cir. 1998).  Again, the state court of appeals has issued seemingly conflicting

---

[6]Hertlein appears to be consistent with decisions interpreting the Federal Rules of Civil Procedure on which Wisconsin's pleading rules are modeled.  See Dillard v. Merrill Lynch, 961 F.2d 1148, 1159 (5th Cir. 1992).

7

decisions. In Shelley v. Moir, 138 Wis. 2d 218, 223 n.2 (Ct. App. 1987), it appeared to endorse the above-stated distinction, but in Eddy v. B.S.T.V., Inc., 280 Wis. 2d 508, 516 (Ct. App. 2005), it criticized it. Further, in order to resolve the duty to defend issue, I would have to determine the meaning of an exclusion from coverage for "loss that results from fees, deposits, commissions or other charges for any real estate professional services." (PPFOF Ex. 2 at 2-37.) How a loss can be said to "result from" a fee is not readily apparent, and I am unaware of any Wisconsin case construing this or a similar exclusion.

Wisconsin has a significant interest in having its own courts resolve close or unsettled issues of Wisconsin law.[7] This interest, together with the Wisconsin Supreme Court's preference that an insurer's duty to defend be resolved within the liability proceeding and the desirability of avoiding piecemeal litigation, leads me to conclude that St. Paul's duty to defend is best settled "in the proceeding pending in the state court." See Brillhart, 316 U.S. at 495. Thus, I decline to exercise jurisdiction over St. Paul's declaratory judgment action.

When, pursuant to Brillhart and Wilton, a district court decides not to exercise its jurisdiction, it should generally stay rather than dismiss the case in order to ensure that the federal action can proceed without risk of a time-bar if the state proceeding fails to resolve the matter at issue. Wilton, 515 U.S. at 288 n.2. Thus, to enable the parties to return to this court if necessary, I will stay the present suit. If for some reason St. Paul cannot timely obtain resolution of the duty to defend issue in state court, it may move to lift the stay.

---

[7]This is particularly true in the area of insurance because a court's interpretation of a term in a policy will affect other identically or similarly worded policies issued by Wisconsin insurers and/or to Wisconsin insureds.

8

Further, if either party believes that in declining to exercise jurisdiction I have failed to consider some important fact or argument, it may seek reconsideration. Otherwise, the parties should notify me when the state court resolves the duty to defend issue, and I will dismiss the present action.

## IV. CONCLUSION

Therefore, for the reasons stated,

**IT IS ORDERED** that this action is **STAYED**.

Dated at Milwaukee, Wisconsin, this 18 day of April, 2007.

/s
LYNN ADELMAN
District Judge